

1  ANNETTE KIRKHAM (State Bar # 217958)
2  WHITNEY HUSTON (State Bar #234863)
   FAIR HOUSING LAW PROJECT
3  111 West Saint John Street, Suite 315
   San Jose, California 95113
4  Telephone:    408-280-2410
5  Facsimile:    408-293-0106

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                   (SAN JOSE)

11

12  AMANDA ASHTON; TYLER HUE, a          Case No **C06-03160** RS
    minor, by his guardian ad litem, AMANDA
13  ASHTON; and PROJECT SENTINEL, a      COMPLAINT FOR DECLARATORY,
    California not-for-profit corporation,  INJUNCTIVE AND MONETARY RELIEF;
14                       Plaintiffs,      DEMAND FOR JURY TRIAL.
15              v.
16  JAMES CASTELLANOS an individual and
    on behalf of CASCO PROPERTY
17  MANAGEMENT, INC.; CENTRAL PARK
    APARTMENTS; WILLOW GARDENS
18  LTD; PAM LARSON, an individual ; and
19  TIFANI GOEBEL, an individual,
                         Defendants.
20

21

22                    I. **INTRODUCTION**

23     1.     In this action, plaintiffs Amanda Ashton, her minor son Tyler Hue, and Project

    Sentinel (hereinafter "plaintiffs"), seek declaratory and injunctive relief and monetary damages
24
    against defendants, for unlawful discrimination on the basis of familial status in the rental of
25
    their apartment units.  Defendants Central Park Apartments, James Castellanos, Casco Property
26
    Management, Willow Gardens LTD, Pam Larson and Tifani Goebel (hereinafter "defendants")
27
    have engaged in a pattern and practice of discrimination against families with young children
28
    through differential treatment, the enforcement of overly restrictive rules and harassment.

                                       1

## II. JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims are related to plaintiffs' federal law claims in that those claims form part of the same case or controversy under Article III of the United States Constitution.

3.      The Court has jurisdiction over plaintiffs' action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 28 U.S.C. § 2203 and Rule 65 of the Federal Rules of Civil Procedure.

4.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gave rise to these claims occurred within the Northern District of California.

## III. INTRADISTRICT ASSIGNMENT

5.      Intradistrict assignment in San Jose, California is proper because the unlawful conduct that gives rise to these claims occurred within Santa Clara County.

## IV. PARTIES

6.      Plaintiff Amanda Ashton, a 26-year old woman, and Tyler Hue, her eight-year-old son, are residents of Santa Clara County.  Tyler Hue is represented herein by his natural mother and guardian ad litem, Amanda Ashton.

7.      Plaintiff Project Sentinel is a not-for-profit corporation organized under the laws of the State of California with its principal place of business located at 430 Sherman Avenue, Suite 308, in Palo Alto, California.  Project Sentinel's specific purposes and goals include the promotion of equal opportunity in the renting, purchasing, financing, and advertising of housing and the elimination of all forms of illegal housing discrimination.  To this end, the activities in which Project Sentinel engages include, but are not limited to:

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

(a)    providing outreach and education to the community including housing providers and local governments regarding fair housing;

(b)    acting as a local and regional advocate of equal housing opportunities;

(c)    assisting and aiding individuals through counseling, referrals, and other services to obtain equal access to housing throughout Santa Clara County and other counties in California without regard to race, color, religion, national origin, familial status, disability, sex, marital status, sexual orientation, age, source of income, or other arbitrary basis;

(d)    conducting tests of housing facilities to determine whether equal opportunity in housing is provided and otherwise actively monitoring and investigating discriminatory housing practices;

(e)    investigating allegations of discrimination; and,

(f)    taking such steps as it deems necessary to assure equal opportunity in housing and to counteract and eliminate discriminatory housing practices.

8.    At all times relevant herein, defendant Willow Gardens LTD was a corporation organized and existing under the laws of the State of California with its principal place of business located at 2050 Southwest Expressway, Suite 126, San Jose, California.

9.    At all times relevant herein, defendant James Castellanos was a natural person over the age of 18 and residing within Santa Clara County and an owner of Willow Gardens LTD.

10.    At all times relevant herein, Casco Property Management, Inc., was a corporation organized and existing under the laws of the State of California.  Casco Property Management, Inc., is the management company for defendant Central Park Apartments located at 1750 Stokes Avenue, San Jose, California.

11.    At all times relevant herein, defendant James Castellanos is the president and owner of defendants Casco Property Management, Inc. and Willow Gardens LTD.  Mr. Castellanos owns, manages and controls Casco Property Management, Inc. and Willow Gardens LTD.  Mr. Castellanos is sued herein in his individual capacity and in his professional capacity.

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

12.     At all times relevant herein, defendant Pam Larson was the manager of Central Park Apartments and was and agent and employee of Casco Property Management, Inc.  Ms. Larson is sued herein in her individual capacity and in her professional capacity.

13.     At all times relevant herein, defendant Tifani Goebel was the assistant manager of Central Park Apartments and was an agent and employee of Casco Property Management, Inc. Ms. Goebel is sued herein in her individual capacity and in her professional capacity.

14.     Defendants were and are engaged in the business of renting residential apartment units to the general public and, based upon information and belief, defendants advertised and will advertise such units as housing available for rent to members of the general public.

15.     Central Park Apartments contains more than four residential units.

16.     At all relevant times alleged herein, all of the defendants were agents, servants and employees of each other and were acting within the scope of such agency or employment while engaged in the acts, omissions and other conduct alleged in this complaint, or the alleged acts, omissions and other conduct of each defendant was subsequently ratified or adopted by the other defendant.

## V.  FACTUAL SUMMARY

17.     In June 2004, plaintiff Amanda Ashton agreed to rent an apartment from defendants Central Park Apartments.

18.     Plaintiff Amanda Ashton signed a lease for a two bedroom apartment at Central Park Apartments on or around June 24, 2004.

19.     Plaintiff Amanda Ashton lived in Unit 113 with her mother, Mary Ellen, and her eight year old son, Tyler Hue.

20.     In or around early September 2004, plaintiff Amanda Ashton observed the managers, defendants Pam Larson and Tifani Goebel, harassing the children for playing outside.

21.     Plaintiff Amanda Ashton observed Pam Larson and Tifani Goebel prohibiting children from running on grass, playing with balls and riding bicycles in the common areas of Central Park Apartments.

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

22.    During Ms. Ashton's tenancy at Central Park Apartments, there were signs posted around the property prohibiting bicycle riding, skateboarding and roller skating.

23.    Defendants' rules adversely impacts children and families with children more than families without children.

24.    In or around mid-January 2005 at approximately 1:00 p.m., plaintiff Tyler Hue was playing video games in his bedroom with his friends. Although the volume was not above ordinary listening levels, Defendant Pam Larson visited plaintiffs' apartment and requested that Tyler Hue play more quietly in his bedroom.

25.    On at least 10 different occasions, plaintiff Tyler Hue came home from playing outside because he was instructed to by a manger or was afraid of being yelled at by a manager of Central Park Apartments. For each of these incidents, Tyler Hue described to Amanda Ashton that he was instructed to go inside by a manager or he returned home because he saw a manager and he was afraid of staying outside.

26.    In or around mid-April 2005, Ms. Ashton told defendant Pam Larson that the management should not harass and yell at children for playing outside. Ms. Ashton told Ms. Larson that her son and the other children living at the complex have the right to play outside without intimidation from the management.

27.    On May 11, 2005, Ms. Ashton received notice of non-renewal of their lease from Central Park Apartments.

28.    On May 17, 2005, Ms. Ashton sent a letter to defendant James Castellanos explaining that the management of Central Park Apartments harasses children for playing outside. She also wrote that soon after making a similar complaint to the on-site managers, she received a notice of non-renewal of her lease.

29.    On May 20, 2005, Ms. Ashton received a letter from Mr. Castellanos' attorneys demanding that she cease and desist from posting libelous statements on apartment ratings websites.

30.    In or about late May 2005, Ms. Ashton inquired with Ms. Larson why Central Park

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

1    Apartments refused to renew her lease.  In response, she was told she was not entitled to any

2    reasons.

3        31.    Upon Information and belief, Ms. Ashton's lease was not renewed because she

4    contested defendants' discriminatory rules towards children and exercised her rights under the

5    fair housing laws.

6        32.    On or about May 23, 2005, feeling humiliated and offended, Ms. Ashton

7    called plaintiff Project Sentinel, a Palo Alto based fair housing counseling agency, to complain

8    of familial status discrimination.

9        33.    On or about May 25, 2005 Ms. Ashton filed a complaint of discrimination with the

10   Department of Fair Employment and Housing.

11       34.    On or about June 30, 2005, Ms. Ashton and her family moved out of their

12   apartment at Central Park Apartments.

13       35.    After taking Ms. Ashton's complaint and counseling her, Project

14   Sentinel began an investigation of her complaint.

15       36.    Project Sentinel arranged to have the property surveyed to evaluate whether

16   defendants were discriminating based on familial status.  Project Sentinel instructed a tester to

17   speak with tenants at the property and record their comments.

18       37.    On May 29, 2005 and May 30, 2005, Project Sentinel conducted a survey at

19   Central Park Apartments.  The survey resulted in interviews with 25 tenants at Central Park

20   Apartments.  Of the 25 tenants with whom Project Sentinel spoke, 14 were families with

21   children.

22       38.    Of the 25 tenants with whom Project Sentinel spoke, 16 of the tenants surveyed

23   made statements corroborating either restrictive rules applied towards children or a hostile

24   environment.

25       39.    Of the 14 families with children who spoke to Project Sentinel, 9 families made

26   statements corroborating the enforcement of restrictive rules and a hostile environment for

27   children at Central Park Apartments.

28

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

## VI.  INJURIES

40.    Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against families with young children in the operation and rental of housing at Central Park Apartments and other residential rental properties they manage, own or operate.  Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

41.    Defendants' pattern or practice of discrimination against people on account of their familial status includes, but is not limited to:

      A.  Denying, or otherwise making unavailable, including evicting or threatening to evict, residents because they have young children;

      B.  Harassing or otherwise treating differently prospective tenants or in-place tenants who have young children; and

      C.  Making discriminatory statements regarding children.

42.    Defendants failed to adequately train and supervise their employees, agents, and themselves regarding compliance with federal and state fair housing laws.

43.    By reason of defendants' unlawful acts and practices, plaintiffs Amanda Ashton and Tyler Hue have suffered humiliation, mental anguish and severe emotional distress, including the attendant physical injuries and conditions, as well as violation of their civil rights and loss of housing.  Accordingly, plaintiffs Amanda Ashton and Tyler Hue are entitled to compensatory damages.

44.    In doing the acts of which plaintiffs complain, all defendants and their agents and employees acted intentionally, maliciously, wantonly, recklessly, and in bad faith.  Accordingly, plaintiffs are also entitled to punitive damages.

45.    By reason of defendants' unlawful acts and practices, plaintiffs Amanda Ashton and Tyler Hue lost a housing opportunity.

46.    As a result of defendants' actions, plaintiffs Amanda Ashton and Tyler Hue spent additional time and resources in their search for an alternative housing opportunity.

47.    As a result of defendants' actions, plaintiff Project Sentinel has diverted its scarce

resources away from its usual education, counseling, and referral services and has engaged in activities to counteract defendants' discriminatory housing practices. Defendants' discriminatory practices have also caused harm to Project Sentinel by frustrating its mission of identifying and eliminating discriminatory housing practices against families with children, and other persons in protected classes in Santa Clara County. Project Sentinel has made substantial efforts and expanded considerable resources to ensure equal housing opportunities for families with children, and other persons in protected classes. Defendants' discriminatory conduct has adversely affected Project Sentinel's goal of achieving fair housing by impeding its efforts to educate the public about housing discrimination. Accordingly, Project Sentinel is entitled to compensatory damages.

48. There now exists an actual controversy between the parties regarding all defendants' duties under the federal and state fair housing laws. Accordingly, plaintiffs are entitled to declaratory relief.

49. Unless enjoined, all defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs have no adequate remedy at law for defendants' ongoing unlawful conduct. Plaintiffs are now suffering and will continue to suffer irreparable injury from defendants' acts and their pattern or practice of discrimination against families with children unless relief is provided by this Court. Accordingly, plaintiffs are entitled to injunctive relief.

## VII. CLAIMS

### A. FIRST CLAIM

**[Fair Housing Amendments Act, 42 U.S.C. § 3604 et seq.]**

**(All Plaintiffs v. All Defendants)**

50. Plaintiffs reallege and incorporate by reference paragraphs 1 through 49 of this complaint as if fully set forth herein verbatim.

51. Defendants injured plaintiffs in violation of the Fair Housing Amendments Act by committing the following discriminatory housing practices:

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

A. Discriminating or otherwise making unavailable and denying a dwelling because of familial status, in violation of 42 U.S.C. § 3604(a);

B. Discriminating in the terms, conditions, or privileges of the rental of a dwelling because of familial status, in violation of 42 U.S.C. § 3604(b);

C. Making statements with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c); and

D. Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of rights guaranteed by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

52. As a proximate cause of defendants' conduct, plaintiffs were and continues to be damaged, as set forth above, in an amount to be proven at trial.

## B. SECOND CLAIM

**[Fair Employment and Housing Act, California Government Code § 12955 et seq.]**

**(All Plaintiffs v. All Defendants)**

53. Plaintiffs reallege and incorporate by reference paragraphs 1 through 52 of this complaint as if fully set forth herein verbatim.

54. Defendants injured plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

A. Discriminating because of familial status, in violation of California Government Code sections 12955(a) and (d);

B. Making statements with respect to the rental of a housing accommodation that indicates a preference, limitation or discrimination based on familial status, in violation of California Government Code § 12955(c);

9

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

C.  Otherwise denying or making rental housing unavailable based on discrimination because of familial status, in violation of California Government Code section 12955(k).

D.  Imposing policies that have a negative, disproportionate effect on families with children, in violation of California Government Code § 12955.8(b); and

E.  Harassing, evicting, or otherwise discriminating against persons in the rental of housing accommodations in retaliation for that person's opposition to practices unlawful under the California Fair Employment and Housing Act, in violation of California Government Code § 12955(f).

55.    As a proximate cause of defendants' conduct, plaintiffs were and continue to be damaged, as set forth above, in an amount to be proven at trial.

## D.  THIRD CLAIM

### [California Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.]

### (Plaintiffs Ashton and Hue v. All Defendants)

56.    Plaintiffs reallege and incorporate by reference paragraph 1 through 55 of this complaint as if fully set forth herein verbatim.

57.    Defendants injured plaintiffs by violating their right to fair housing under the Unruh Civil Rights Act, California Civil Code section 51 et seq.  In the operation of Central Park Apartments, a business establishment, defendants harassed and evicted plaintiffs from housing because of their familial status and plaintiffs' assertion of their fair housing rights.

58.    The conduct of defendants alleged herein constitutes a denial of full and equal access to housing accommodations to plaintiffs within the meaning of California Civil Code section 51.

59.    Pursuant to the Unruh Civil Rights Act, plaintiffs are entitled to statutory damages, among other remedies, of up to three times their actual damages as determined by the trier of fact.

60.    As a proximate cause of defendants conduct, plaintiffs have been damaged, as set forth above, in an amount to be proven at trial.

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

## E.  FOURTH CLAIM

### [Negligence]

### (All Plaintiffs v. All Defendants)

61.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 60 of this complaint as if fully set forth herein verbatim.

62.     Defendants owed and owe plaintiffs and the general public a non-delegable duty to operate the rental premises in a manner free from unlawful discrimination and to hire, train, supervise, and discipline their employees and each other to fulfill that duty.  Defendants negligently violated that duty by discriminating against (1) Amanda Ashton and Tyler Hue and (2) Project Sentinel on account of familial status.  Defendants' violation of that duty was the result of negligence, including but not limited to:

A.     Defendants' negligent failure to train their employees and each other regarding the requirements of federal and state fair housing laws;

B.     Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

C.     Defendants' negligent failure to supervise their employees and each other regarding compliance with the requirements of federal and state fair housing laws;

D.     Defendants' negligent failure to comply with the requirements of federal and state fair housing laws; and

E.     Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws.

63.     As a legal result of defendants' negligent conduct, plaintiff suffered and continues to suffer damages, as set forth supra, in an amount to be proven at trial.

## VIII.  RELIEF

WHEREFORE, plaintiffs pray for the following relief:

1.     That the Court assume supplemental jurisdiction over all state law claims, pursuant to 28 U.S.C. § 1367;

11

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

2.     That the Court declare that defendants violated and continue to violate the provisions of applicable federal and state fair housing laws;

3.     That the Court enjoin all unlawful practices complained of herein and impose affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative steps to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status, including providing training regarding fair housing laws for all employees and agents and eliminating discriminatory policies and practices;

4.     That the Court further enjoin all unlawful practices complained of herein and impose affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them from discriminating in the terms and conditions of providing rental housing to both prospective and in-place tenants with minor children;

5.     That the Court award compensatory and punitive damages to plaintiffs according to proof;

6.     That the Court award up to three times the amount of actual damages to plaintiffs Amanda Ashton and Tyler Hue against each defendant pursuant to the Unruh Civil Rights Act;

7.     That the Court award plaintiffs costs of suit, including reasonable attorneys' fees; and

8.     That the Court award plaintiffs all such other relief as the Court deems just.

Dated:  May 11, 2006

FAIR HOUSING LAW PROJECT


ANNETTE KIRKHAM
Attorneys for plaintiffs

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.

## VIII.  <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiffs hereby requests a trial by jury as to each and every claim for which they are so entitled.

Dated: May 11, 2006

FAIR HOUSING LAW PROJECT

ANNETTE KIRKHAM
Attorneys for plaintiffs

13

COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; DEMAND FOR JURY TRIAL.